IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02070-BNB

JOSEPH DEAN HAMILTON,

    Plaintiff,

v.

CITY OF CAÑON CITY,
MICHELL SAGE, Detective ICAC,
LOU ARCHULETTA, Warden, and
JOHN W. SUTHERS, State Attorney General,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Joseph Dean Hamilton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Hamilton initiated this action by filing *pro se* a Complaint titled "Res-Judicata" (ECF No. 1).

    He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B), the Court must dismiss the action if the claims Mr. Hamilton is asserting are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

    Mr. Hamilton is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or

more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

On July 28, 2014, Magistrate Judge Craig B. Shaffer entered an order (ECF No. 4) directing Plaintiff to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, only asserted claims challenging the conditions of his confinement and not the validity of his current incarceration, sued the proper parties, alleged the personal participation of each named defendant, and made a specific request for relief. On August 12, 2014, Mr. Hamilton filed an amended Prisoner Complaint (ECF No. 5) that contains much of the information included in the original Prisoner Complaint. As relief he asks for the dismissal of his criminal case "as time served" and for "$1,700.00 from April 4th 2008 til Present day for false imprisonment." ECF No. 5 at 23.

The Court must construe the amended Prisoner Complaint liberally because Mr. Hamilton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended Prisoner Complaint will be dismissed.

Although Mr. Hamilton asks for the dismissal of his criminal case, as well as money damages, he has deleted from the amended Prisoner Complaint any reference to the state court conviction in Fremont County court case No. 08CR122 he attacked in his original Prisoner Complaint. Instead, he focuses on claims making general

allegations attacking as invalid, Colorado criminal laws – including the "laws or statutes used to indict, charge, try and convict the petitioner" (ECF No. 5 at 7) – because they lack enacting clauses.

In claim one, he contends the state courts lacked subject matter jurisdiction over his criminal case because the "laws charged against him are not valid" (ECF No. 5 at 7), including crimes of criminal attempt (Colo. Rev. Stat § 18-2-101) and conspiracy (Colo. Rev. Stat. § 18-2-201) to commit criminal solicitation (Colo. Rev. Stat. § 18-2-301); enticement of a child (Colo. Rev. Stat. § 18-3-305); Internet luring of a child (Colo. Rev. Stat. § 18-3-306); unlawful sexual conduct (Colo. Rev. Stat. § 18-3-404), which Plaintiff erroneously identifies as 18-3-304; sexual assault on a child (Colo. Rev. Stat. § 18-3-405); sexual assault on a child by one in a position of trust (Colo. Rev. Stat. § 18-3-405.3); Internet sexual exploitation of a child (Colo. Rev. Stat. § 18-3-405.4); incest (Colo. Rev. Stat. § 18-6-301); and sexual exploitation of a child (Colo. Rev. Stat. § 18-6-403). He asserts additional claims further explaining the reason that the crimes with which he was charged are invalid, i.e., that all state laws are constitutionally required to have an enacting clause (claims two and three), laws must be published with enacting clauses (claim four), the Colorado Revised Statutes are of an "Unknown and Uncertain Authority" (ECF No. 5 at 16) because they lack enacting clauses (claim five), and under the "rule of lenity" (ECF No. 5 at 20) any ambiguity between the state constitution and the Colorado statutes, which lack enacting clauses, must be construed in favor of Applicant (claim six).

Article V, § 18 of the Colorado Constitutional states that "[t]he style of the laws of this state shall be: 'Be it enacted by the General Assembly of the State of Colorado.'"

Applicant's claims, liberally construed, assert that all the Colorado Revised Statutes, including Colo. Rev. Stat. §§ 18-2-101, 18-2-201, 18-2-301, 18-3-305, 18-3-306, 18-3-404, 18-3-405, 18-3-405.3, 18-3-405.4, 18-6-301, and 18-6-403, are invalid because they do not contain this introductory "enacting clause."  As a result, according to Applicant, his rights under the United States Constitution were violated because the state court lacked subject matter jurisdiction over his criminal case.

The mere fact that the enacting clause does not appear in the Colorado Revised Statutes does not affect the validity of defendant's conviction.  *Taylor v. Davis*, No. 11-cv-01025-WJM, 2011 WL 3510950, at *3 (D. Colo. Aug. 10, 2011) (unpublished) (citing *People v. Washington*, 969 P.2d 788, 790 (Colo. Ct. App. 1998)).  Whether the Colorado Revised Statutes are invalid under the Colorado Constitution, or any other Colorado law, because they do not contain an "enacting clause" is purely an issue of state law.  *Taylor*, No. 11-cv-01025-WJM, 2011 WL 3510950, at *3.  The Colorado Supreme Court has squarely rejected Plaintiff's argument, finding that "the omission of the enacting clause from the Colorado Revised Statutes does not render the statutes unconstitutional."  *Taylor*, No. 11-cv-01025-WJM, 2011 WL 3510950, at *3 n.2 (citing *Washington*, 969 P.2d at 790).  In addition, Mr. Hamilton fails to cite to any federal Supreme Court case law holding that the Colorado Revised Statutes are invalid because they do not contain an "enacting clause," and the Court not aware of any such authority.  Thus, there was no constitutional deficiency in Mr. Hamilton's conviction.

Mr. Hamilton fails to allege the reason or reasons he is suing any of the named Defendants.  In the July 28 order for an amended Prisoner Complaint, Magistrate Judge Shaffer explained in great detail that in order to state a claim in federal court, Mr.

Hamilton "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). He has failed to do so. The amended Prisoner Complaint will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B).

As Mr. Hamilton also was informed in the July 28 order, to the extent he seeks relief with respect to claims challenging the validity of his current incarceration, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

However, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Mr. Hamilton does not allege that he has invalidated any convictions or sentences that pertain to his current confinement and its duration. Mr. Hamilton's claims challenging the validity of his state court criminal conviction and sentence are barred by the rule in *Heck*. The dismissal of those claims will be without prejudice. *See Fottler v. United*

*States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

To the extent Mr. Hamilton may seek to challenge his criminal conviction or obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this civil rights action.

If no final judgment had been entered in the state-court action, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 5) and the action are dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED to the extent Plaintiff seeks relief with respect to claims challenging his conviction and sentence, those claims are dismissed without prejudice

as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that if no final judgment had been entered in the state-court action and Plaintiff is asking the Court to intervene in ongoing state proceedings, this Court must abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED August 26, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court